IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY GERALD GABRY,

    Plaintiff,

v.

CROSS RIVER BANK,

    Defendant.

CIVIL ACTION NO.

1:18-CV-05266-SCJ-CMS

## **O R D E R**

This matter is before the Court on the application to proceed in forma pauperis and proposed complaint filed by Plaintiff Anthony Gerald Gabry ("Plaintiff"). [Doc. 1]. Plaintiff's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. [Id. at 2]. The requirements of 28 U.S.C. § 1915(a)(1) having been satisfied, Plaintiff's request for leave to proceed in forma pauperis is **GRANTED** for these proceedings only.

Because Plaintiff is proceeding without payment of the filing fee, the Court must screen his proposed complaint for frivolity, pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides that a federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks

monetary relief against a defendant who is immune from such relief. A claim will not survive subsection (ii) unless the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted); see also Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying the Rule 12(b)(6) standard for failure to state a claim to a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).

On November 15, 2018, Plaintiff, who is proceeding pro se, submitted a proposed complaint, alleging that Defendant Cross River Bank ("Defendant") "failed to comply to contract [sic], FCRA, FDCPA, and TILA by not providing mailed statements or correct derogatory and false credit reporting upon notification of dispute." [Doc. 1-1 at 4]. Plaintiff further alleges that Defendant failed to accept Plaintiff's efforts to resolve the grievance in an amicable manner. [Id.].

Plaintiff's proposed complaint does not provide sufficient detail of the essential facts of his claims and fails to comply with federal pleading standards, particularly Rules 8 and 10 of the Federal Rules of Civil Procedure. For instance, the proposed complaint alleges a claim for breach of contract; however, there are no allegations in the complaint regarding the alleged contract between Plaintiff and Defendant or any allegations regarding the breach of that alleged contract. Plaintiff also cursorily alleges that Defendant violated the FCRA, FDCPA, and TILA, but he

2

does not provide sufficient factual allegations to state a plausible claim for relief under any of those statutes. The proposed complaint, as currently drafted, is therefore subject to dismissal for failure to state a plausible claim for relief. See 28 U.S.C. § 1915(e)(2); see also Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 426–27 (11th Cir. 2010) (per curiam).

Because Plaintiff is proceeding without an attorney, he shall be afforded an opportunity to amend his proposed complaint to identify any additional factual bases for his claims and to bring the complaint in compliance with the Federal Rules of Civil Procedure, in particular, Rules 8 and 10,[1] as well as the Local Rules of this Court, in particular Rule 5.1.[2] If Plaintiff wishes to pursue this civil action in federal court, he must file an amended complaint that provides a short and plain statement

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although there is no required technical form, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, Rule 10 requires that each claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

[2] Local Rule 5.1 specifies the type and format required for documents presented to the Court for filing and includes the requirement that documents be double-spaced between the lines and specifies the fonts, margins, and captions required, among other things.

of all of his claims and that complies with the Federal Rules of Civil Procedure and the Local Rules no later than **FRIDAY, DECEMBER 7, 2018**. Plaintiff must clearly present each claim, identify the facts and acts by Defendant that support each claim, and identify the legal theories under which he is proceeding.

Plaintiff is cautioned that the failure to file an amended complaint that complies with federal pleadings standards within this timeframe may result in a recommendation that this action be dismissed with prejudice. See Hickman v. Hickman, 563 F. App'x 742, 744 (11th Cir. 2014) (unpublished). If Plaintiff does not wish to pursue his claims, he need take no further action, and the Court will dismiss the case after the expiration of the time period specified above.

**SO ORDERED**, this 21st day of November, 2018.

_/s/ Catherine Salinas_
Catherine M. Salinas
United States Magistrate Judge